Wilder, J.
The only question presented for our determination in this case, is, whether by the evidence set forth in the bill of exceptions, it is shown that a valid agreement was made by the plaintiffs in error with Hoffman, to extend the time for the payment of the judgment held by them against Hoffman as principal debtor, and the defendants in error as his sureties. It is not claimed by counsel for the plaintiffs in error, in argument, nor could it well be, that if such agreement was in fact made, the defendants in error were not discharged from their liability to pay the judgment. The claim by them is, that there was no consideration for the promise to delay execution, as the amount paid as interest was fast due, and there was the same obligation to pay it as the principal itself. That the excess over and above six per cent. *62 in law, was payment of so much of the principal, they cite McComb v. Kittridge, 14 Ohio Rep. 348; and Jones and others v. Brown, 11 Ohio St. Rep. 601.
It is shown in the case, that at the February term of the court of common pleas of Pike county, the plaintiffs in error recovered a judgment against Hoffman, as principal debtor, and the defendants in error, as his sureties, for $2126.48, and for costs. This judgment was recovered on a bill of exchange for $2000, dated December 13,1857, at sixty days. In April, 1858, an execution was issued, on which the costs taxed were seventy-four cents.
The material portions of the evidence in respect to the agreement to extend the time for the payment of the judgment are contained in the written correspondence between the plaintiffs in error and Hoffman, commencing on the 26fch April, 1858. In a letter of that date, Hoffman writes to the plaintiffs in error, making the following inquiries, and propositions :
“ Will you wait, and if so, on what conditions ? Will you let the judgment stand, say four months, by my paying you your usual rate of interest, one and a quarter per cent., from the date of judgment to the expiration of the four months; or would you rather have a bill for that length of time in lieu of judgment, with the same securities. ... I will do either of the ways I have stated ?”
In reply, under date of the 27th of April, 1858, the plain tiffs in error wrote :
“ We propose that you pay us interest on the judgment, against yourself and others, up to this time, and pay the costs on the writ to the sheriff, and we will let the execution be returned for thirty days, at which time, upon paying us $500, and interest, we will take new note for ninety days. Your bill for $2000 was due 11th of February;-seventy-five days interest $66.69,-protest $1.05=$67.74. Send us this amount and sheriff’s receipt for all the costs on this writ, and we will order in the -writ under the above terms.”
This proposition seems to have been acceptable to Hoffman, *63 and on the 3d of May, he forwarded to them $70, $67.74 for the interest, and the residue for'the costs on the execution, the amount of which he did not then know, but which was, as before stated, seventy-four cents. The execution was returned, and the time given.
On the 25th of May, Hoffman wrote them that he could not raise the $500 by the 27th, but might be able to raise it in thirty days, and that if they would advise him of the amount of interest for thirty days, he would immediately remit it. This was done, and on the 27th they gave the amount, or intended to give the amount $26.67, “ which,” they state, “ will pay interest to 27th May ; we will let the matter rest for one month.” The amount, $26.67, was promptly paid by Hoffman.
It will thus be seen, that the agreement made between the parties, and upon which they acted, was, that if Hoffman would pay $67.74 for interest up to April 27, 1858, and for protest, and would also pay the costs upon the execution, the plaintiffs in error would let the execution be returned for thirty days; and if at the end of thirty days Hoffman would pa.y $500, and interest, they would take a new note at ninety days. The $67.74 were paid, and also the costs upon the execution, and the thirty days time given. At the expiration of that time, Hoffman representing that he was not then able to pay the $500, its payment was not insisted upon, but on the payment of $26.67 for interest from April 27, to May 27, the further time of thirty days was given. The interest seems to have been calculated at the rate of fifteen per cent, per annum.
The payment of this rate of interest for the time prior to the 27th April, 1858, was not, however, the entire consideration of the agreement. It was an element in the contract that Hoffman should pay the costs on the execution, and a further element, that if at the expiration of thirty days he paid $500, and the interest, further time was to be given. In pursuance of that part of the agreement $26.67 was paid for one months’ interest, and the further time of thirty days given.
*64 If the payment of the usurious interest for the time prior to the 27th of April did not constitute a good consideration, the agreement to pay, and the payment of such interest for the month following the 27th of April, did constitute such consideration, and brings this case directly within the principle decided in McComb v. Kittridge, 14 Ohio Rep. 348.
The judgment of the district court is affirmed.
Brinicerhoee, O.J., and Scott, Ranney and White, JJ., concurred.